

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 17, 1939

Mr. I. Fredecki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-811
Re: Fees of Justice of the Peace.

Your request for an opinion of this Department as to the validity of certain enumerated and listed fees of the Justice of the Peace of Precinct No. 7 of Galveston County, Texas, as shown more fully by your enclosures, has been received by this Department.

Your letter reads as follows:

"I have before me a claim for Fees in Criminal Misdemeanor cases received from D. C. Richards, Justice of the Peace, Prec. #7, Galveston County, which has been certified to by the Justice of the Peace, as well as by the County Attorney through his assistant.

"You will please note that Cases Nos. 167, 168 and 177, State vs. Louis Campbell, show three separate charges, but which I understand arose through violation of the highway law at one and the same time. The same applies to Cases Nos. 166 and 181 - Ardell Blake; 171 and 182 - H. Ruttinger; and 172 and 183 - James Brown.

"The County is charged on this bill for the offense as shown, as well as for failure of the defendants to appear in Court.

"I understand from the County Attorney that a warrant of arrest was issued after defendants failed to appear for trial on the notice that was served by the officer making the arrest.

"The Trial fees for Justices of the Peace are provided for in Article 1052, C. C. P., Revised Civil Statutes 1925, as amended.

"Your opinion is respectfully requested as to the correctness of the fees claimed and I would appreciate an early reply with reference to same."

You send an enclosure which is a copy of the account of the Justice of the Peace for Precinct No. 7 of Galveston County for the month of March, 1939, which is dated April 1, 1939, and which shows some nineteen cases as having been tried and finally disposed of by said Justice of the Peace and said Justice of the Peace contends that he is entitled to the sum of $42.50 from Galveston County for his services, at the rate of $2.50 per case tried and disposed of by him.

Article 1052, Code of Criminal Procedure of the State of Texas, reads as follows:

"Three Dollars shall be paid by the county to the County Judge, or judge of the Court at Law, and Two Dollars and Fifty cents shall be paid by the county to the Justice of the Peace, for each criminal action tried and finally disposed of before him, Provided, however, that in all counties having a population of 20,000 or less, the Justice of the Peace shall receive a trial fee of Three Dollars. Such Judge or Justice shall present to the Commissioners' Court of his county at a regular term thereof, a written account specifying each criminal action in which he claims such fee, certified by such Judge or Justice to be correct, and filed with the County Clerk. The Commissioners' Court shall approve such account for such amount as they find to be correct, and order a draft to be issued upon the County Treasurer in favor of such Judge or Justice for the amount so approved. Provided the Commissioners' Court shall not pay any account or trial fees in any case tried and in which an acquittal is had unless the State of Texas was represented in the trial of said cause by the County Attorney, or his assistant, Criminal District Attorney or his assistant, and the certificate of said Attorney is attached to said account certifying to the fact that said cause was tried, and the State of Texas was represented, and that in his judgment there was sufficient evidence in said cause to demand a trial of same."

Article 792, Penal Code of Texas, reads as follows:

"Violation of promise to appear. In case of any person arrested for violation of the preceding articles relating to speed of vehicles, unless such person so arrested shall demand that he be taken forthwith before a court of competent jurisdiction for an immediate hearing, the arresting officer shall take the license number, name and make of the car, the name and address of the operator or driver thereof, and notify such operator or driver in writing to appear before a designated court of competent jurisdiction at a time and place to be specified in such written notice at least five days subsequent to the date thereof, and upon the promise in writing of such person to appear at such time and place, such officer shall forthwith release such person from custody. Any person wilfully violating such promise, regardless of the disposition of the charge upon which he was originally arrested, shall be

"fined not less than five nor more than two hundred dollars."

Article 424, Code of Criminal Procedure of Texas, reads as follows:

"Whenever a defendant is bound by recognizance or bail bond to appear at any term of a court, and fails to appear on the day set apart for taking up the criminal docket, at any subsequent day when his case comes up for trial, a forfeiture of his recognizance or bail bond shall be taken."

Article 425, Code of Criminal Procedure of Texas, reads as follows:

"Manner of taking a forfeiture. Recognizances and bail bonds are forfeited in the following manner: The name of the defendant shall be called distinctly at the court house door, and, if the defendant does not appear within a reasonable time after such call is made, judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, the amount of money in which they are respectively bound, which judgment shall state that the same will be made final, unless good cause be shown at the next term of the court why the defendant did not appear."

Article 426 of the Code of Criminal Procedure of Texas reads as follows:

"Citation to sureties. After the adjournment of the court, a citation shall issue notifying the sureties of the defendant that the recognizance or bond has been forfeited, and requiring them to appear at the next term of the court and show cause why the same should not be made final. It shall not be necessary to give notice to the defendant."

It is noted that in the account of the Justice of the Peace, submitted with your request for opinion, there appears case No. 178, Angelo Samartino charged with "forfeiture of bail", which cause appears to have been tried by the Justice of the Peace and the defendant found not guilty for which the Justice of the Peace, in his account, filed his bill for the sum of $2.50 and also, case of the State of Texas vs. V. Samartino, No. 179, wherein it appears that he also was charged with "forfeiture of bail", and likewise was tried and found not guilty by the Justice of the Peace, for which the Justice of the Peace filed his account for $2.50. Forfeitures of bail are not criminal cases. The proceedings to forfeit bail are civil actions, although they arise out of a criminal case. The purpose of bail is to insure the presence of the defendant at his trial. To insure this presence the defendant and his sureties on his bond or recognizance are penalized by the forfeiture of their bond or recognizance to the pecuniary extent of the amount of the bond.

It is the opinion of this Department that the fees in these cases, No. 178 and No. 179, are not fees allowed to the Justice of the Peace by law and should not be paid by the county to the Justice of the Peace.

Galveston County has a population in excess of 20,000 inhabitants. The Justice of the Peace of Galveston County is entitled to the sum of $2.50 for each criminal action tried and finally disposed of before him. The Commissioners' Court is not authorized to pay any account for trial fees of the Justice of the Peace in any case tried and in which an acquittal is had unless the State of Texas was represented in the trial of said cause by the County Attorney, or his assistant, Criminal District Attorney or his assistant, and the certificate of said Attorney is attached to said account, certifying to the fact that said cause was tried, and that the State of Texas was represented, and that in his judgment there was sufficient evidence in said cause to demand a trial of same.

The certificate of the County Attorney of Galveston County, Texas, is attached to the account of the Justice of the Peace, wherein such County Attorney certifies that he has examined the account of the Justice of the Peace and that he certifies that all cases that were tried and acquitted as reported in said account that the State of Texas was represented therein by the County Attorney and his assistant, and that in the judgment of the County Attorney there was sufficient evidence in each of said causes to demand a trial of the same.

Therefore, you are respectfully advised that it is the opinion of this Department, that under the facts submitted, considered together with the certificate of the County Attorney of Galveston County, Texas, and the sworn affidavit of the Justice of the Peace of Precinct No. 7 of Galveston County, Texas, that all of the fees in the enclosed account should be paid to the Justice of the Peace of Precinct No. 7 of Galveston County, Texas, with the exception of Nos. 178 and 179, as above shown.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

(Signed) WM. J. FANNING
Wm. J. Fanning
Assistant

WJF:AW

APPROVED:

(Signed) GERALD C. MANN
ATTORNEY GENERAL OF
OF TEXAS